UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                              :

UNITED STATES OF AMERICA

                              :      CONSENT PRELIMINARY ORDER

        - v. -                    OF FORFEITURE AS TO SPECIFIC

                              :      PROPERTY/

SARBSIT SINGH,                MONEY JUDGMENT

        a/k/a "Sabi",               :

                                  25 Cr. 68 (ER)

              Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 24, 2025, SARBSIT SINGH (the "Defendant"), among others, was charged in three counts of a four-count Indictment, 25 Cr. 68 (ER) (the "Indictment"), with narcotics distribution conspiracy, in violation of Title 21, United States Code, Section 846 (Count One and Three); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Indictment and any and all property used, intended to be used, in any part or manner, to commit, or to facilitate the commission of the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, on or about June 15, 2026, the Defendant pled guilty to Counts Three and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and

agreed to forfeit to the United States, pursuant to pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $24,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant, Takdir Singh (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant with respect to the offense charged in Count Three of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following property, which was seized by the Government on or about February 26, 2025, at a residence in Cleveland, OH, as property used to facilitate the commission of the offense charged in Count Three of the Indictment:

a. Smith and Wesson, M&P Shield, 9 mm with serial number RDZ5439, with one empty magazine

b. Taurus G2C, 9mm with serial number ABN31606, with one empty magazine

(the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney William Kinder and Justin Horton, of counsel, and the Defendant and his counsel, Joshua Horowitz, Esq., that:

1.    As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $24,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant with respect to the offense charged in Count Three of the Indictment, shall be entered against the Defendant.

2.    As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant SARBSIT SINGH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          6/15/26
                                            _____
     William Kinder                          DATE
     Justin Horton
     Assistant United States Attorney
     26 Federal Plaza
     New York, NY 10278
     (212) 637-2394/ 2276

SARBSIT SINGH

By: _____          6/15/26
     Sarbsit Singh                           _____
                                             DATE

                                             6-15-26
By: _____          _____
     Joshua Horowitz, Esq.                   DATE
     Attorney for Defendant
     734 Franklin Ave
     Garden City, New York 11530

SO ORDERED:

                                             6/15/2026
_____              _____
HONORABLE EDGARDO RAMOS                      DATE
UNITED STATES DISTRICT JUDGE